IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA MILES-HICKMAN | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | |
| DAVID POWERS HOMES, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pamela Miles-Hickman, Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of David Powers Homes, Inc., and for cause of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, back and future pay, lost benefits, reinstatement, civil penalties, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for disability discrimination, FMLA, COBRA and ERISA violations and retaliation suffered by Plaintiff during her employment by Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Pamela Miles-Hickman, is a resident of Harris County, Texas.

4. Defendant, David Powers Homes, Inc., is a corporation or other business entity doing business in the State of Texas. This Defendant may be served with the complaint and summons or through certified mail by serving any vice principal or executive officer of the corporation or by

serving Defendant's Registered agent: David Powers at 10205 Westheimer, Suite 100, Houston, TX 77042.

5. Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, agents, officers, managers and personnel agents or servants committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, agents, managers, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

6. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Southern District of Texas.

7. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 (federal question) since Plaintiff is bringing this claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act, 29 U.S.C. Sec. 2611, et. seq. and Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq. and COBRA,, 29 U.S.C. Sec. 1161, et. seq.

8. The court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts with the State of Texas.

9. The Court also has pendant jurisdiction over claims brought under State law or the common law of the State of Texas, including violations of the Texas Commission on Human Rights Act, Texas Labor Code Section 21.001, et seq. and the common law of the State of Texas.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## IV.
## PROCEDURAL REQUISITES

13. Plaintiff filed an EEOC charge of disability discrimination and retaliation against Defendant on January 12, 2006 under Charge Number 460-2006-00602.

14. On December 21, 2006, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court for disability discrimination and retaliation.

15. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

16. All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

17. Plaintiff is a resident of Harris County, Texas and a citizen of the United States.

18. Plaintiff was hired by Defendant as a contract employee/sales assistant in August 2003. In September 2003, Plaintiff was given a permanent position as sales assistant.

19. Plaintiff Pamela Miles Hickman suffers from a number of disabilities, including but not limited to the following: Autoimmune Thyroiditis, Autoimmune Disorder with Severe Chemical Sensitivities.

20. When Plaintiff became a full time employee, she disclosed her disabilities to her immediate supervisor, Bill Oldham, a sales professional. Oldham provided reasonable accommodation for Plaintiff's special needs for about two and one half years. The accommodations included, but were not limited to the following: no pesticides were sprayed in any model home occupied by Plaintiff; the cleaning company used odorless ant bait containers; no candles or fragrances were used in the showcase home or in the sales office of Plaintiff; no cigarettes were allowed in plaintiff's work area; Oldham did not wear heavy cologne.

21. Bill Oldham, the supervisor who accommodated Plaintiff's disabilities was terminated on November 19, 2005. Plaintiff informed Jennifer Fusco, Defendant's Director of Human Resources of the accommodations provided by Oldham and of her severe allergies to fragrances, paint fumes, pesticides and peanuts and asked that any new supervisor and the company continue to provide her these accommodations. On November 21, 2005, Mr. Svoboda replaced Oldham and became Plaintiff's supervisor. Plaintiff informed Svoboda of her disabilities and her life threatening reactions to certain airborne allergen and requested that he continue providing her the same reasonable accommodations that were previously provided. Svoboda agreed.

22. On December 1, 2005, Plaintiff sent an email to Jennifer Fusco, the HR director, asking for her assistance in addressing a painting/pesticide matter that affected Plaintiff's condition.

23. The next day Fusco responded that Plaintiff needed to see an autoimmune specialist in two weeks and then providing the company with a written report specifying her disabilities and the accommodations that were needed. Plaintiff was informed that after the company obtained this report, the director of sales and HR would meet with her and decide whether or not they would accommodate her disability.

24. On December 6, 2005, Plaintiff advised Defendant that she needed time to schedule an appointment with an autoimmune specialist because she had to go through HMO referral.

25. On December 8, 2005, Sales Director Wiederhold and HR Director Fusco came to Plaintiff's office, where they demoted Plaintiff and assigned her to a sales office in the Spring Trails community. Plaintiff was criticized for her work performance and told that if she did not sell three homes, she would be terminated in 30 days. During this meeting Fusco wore extremely strong perfume, causing Plaintiff to have an allergic reaction that caused Plaintiff to take medication and to use an inhaler. After Plaintiff protested that she was subjected to disability discrimination, the managers decided to leave her at Crighton Ridge, but still demanded that she had to sell three homes, even though that was never her job function as a sales assistant. Prior to this meeting, Plaintiff had never been written-up and had never received any employee reviews since the start of her employment with Defendant.

26. On December 13, 2005, Plaintiff suffered from bleeding and stomach pains. She saw Dr. David Le who examined her and referred her to a gastroenterologist, an allergy and autoimmune specialist, an endocrinologist, rheumatologist and a cardiologist.

27. On Wednesday December 14, 2005, Plaintiff informed supervisor Svoboda that she was scheduled to be examined by several specialists on Thursday and that she had to have an emergency colonoscopy on Friday, December 16, 2005.

28. Also on Wednesday, December 14, 2005, Plaintiff informed her supervisor that she was having gallbladder and liver scans the next day and she called Ruth Dillion to relieve her until Plaintiff was able to complete her treatments for her serious health conditions. On Thursday, December 15, 2005, Plaintiff called her office to remind them that she would be off for medical testing on that day and to check on projects that she was working on.

29. On Friday, December 16, 2005, Plaintiff was admitted to the surgery center at Willowbrook Methodist Hospital and given IV's for her colonoscopy. She called her employer and left messages that she was recovering and might be able to drive by Sunday.

30. On Saturday, December 17, 2005, Plaintiff called her office to report that she was doing better and would be at work on Sunday.

31. Later on December 17, 2005, Plaintiff discovered an email from HR Director Fusco terminating her employment. Fusco falsely claimed that Plaintiff failed to notify her supervisor of her illness and that she had resigned.

32. Following Plaintiff's termination, Defendant failed to timely provide Plaintiff with notice and information regarding her entitlement to continuation of health insurance coverage.

## VI.
## DISABILITY DISCRIMINATION

33. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

34. Defendant David Powers Homes discriminated against Plaintiff in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

35. Plaintiff was subjected to different terms and conditions of employment and was terminated by Defendant because of her disability, as that term is defined under the ADA. In addition, Defendant violated the ADA by refusing to provide reasonable accommodation to Plaintiff.

35. Plaintiff was disabled and had a record of a disability and/or Defendant perceived or regarded Plaintiff as being disabled.

36. During Plaintiff's employment with Defendant, she could perform the essential functions of her job, with reasonable accommodation.

37. Defendant's termination of Plaintiff's employment and subjecting Plaintiff to different terms and conditions of employment constitute disability discrimination under Texas Commission on Human Rights Act, as codified in the Texas Labor Code 21.001, *et seq.* and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

38. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

39. As a result of Defendant's actions in violation of the ADA and TCHR, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in probability will continue to suffer in the future.

## VII.
## FMLA VIOLATIONS

40. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

41  This claim is authorized by and instituted pursuant to the FAMILY & MEDICAL LEAVE ACT OF 1993 (FMLA), 29 U.S.C. § 2601, *et seq.* It is brought to prevent defendant from denying, restraining or otherwise interfering with the rights guaranteed plaintiff by the Act, and to recover damages and other relief authorized by § 107(a) of the Act, 29 U.S.C § 2617(1), (3).

42. Defendant is an employer within the meaning of § 101 of the Act, 29 U.S.C. § 2611(4), in that defendant employs and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the applicable time period, and is engaged in commerce or in an industry or activity affecting commerce.

43. Plaintiff would show that defendant violated the FMLA with respect to her in the following and other respects:

(a) by firing her on or about December 17, 2005, without providing her the leave entitlement guaranteed by § 102 of the Act, 29 U.S.C. § 2612, because of her own serious health condition;
(b) by interfering with, restraining or denying plaintiff's exercise or her attempts to exercise her rights provided by the FMLA;
( c ) by discriminating and otherwise retaliating against her for taking family medical leave in violation of § 105 of the Act, 29 U.S.C. § 2615(a), (b).

## VIII

### VIOLATIONS OF COBRA

45. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

46. Plaintiff seeks to redress the deprivation of rights secured to Plaintiff by the Consolidated Omnibus Reconciliation Act of 1985 [29 U.S.C. § 1161 *et seq*.] ("COBRA").

47. Under COBRA, Defendant was required to offer Plaintiff continuation benefits after her termination, which is usually effectuated by issuing a COBRA Continuation Coverage Notice ("Notice"). However, Defendant did not provide Plaintiff with Notice regarding COBRA continuation benefits, nor did it provide an opportunity for Plaintiff to procure continuation coverage within forty-five (45) days of Plaintiff's

qualifying event on December 17, 2005. Plaintiff did not receive any COBRA information until on or about July 5, 2005.

48. The actions of Defendant, its agents, and employees constituted a violation of the Consolidated Omnibus Reconciliation Act of 1985 [29 U.S.C. § 1161 *et seq*.], entitles Plaintiff to recover civil penalties under 29 U.S.C. § 1132(c)(1), as well as to recover for damages for Defendant's conscious indifference to Plaintiff's medical needs, which constitutes Intentional Infliction of Emotional Distress**.**

49. In addition, Plaintiff is entitled to recover attorney's fees for the COBRA violations.

50. Defendant should be ordered to make Plaintiff whole by ordering damages payable under 29 U.S.C. § 1132 including, but not limited to the daily fine required by 29 U.S.C. § 1132(c)(1) and actual medical and other expenses incurred as a result of the COBRA violation;

## VII.
## VIOLATIONS OF ERISA

51. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth here.

52. Defendant terminated Plaintiff in retaliation for her application for health benefits and receipt of health benefits and in order to prevent her from making future application for health and/or disability benefits. These actions constitute interference with Plaintiff's benefits in violation of Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, et seq.

53. Defendant retaliated against Plaintiff for engaging in conduct protected by ERISA by terminating her employment

54.    Plaintiff has been damaged as a result of Defendant and the Plan Administrator's violations of ERISA.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment for the following:

a.    For actual and liquidated damages for the period of time provided by law, including appropriate back pay and reimbursement for lost pension, insurance, and all other benefits and fines and relief under COBRA;

b.    Reinstatement, or front pay, including benefits, in lieu of reinstatement;

c.    For compensatory damages and punitive damages, including mental anguish damages, as allowed by law;

d.    For attorney's fees, expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e.    For pre-judgement and post-judgement interest as allowed by law;

f.    For costs of court and costs of prosecuting Plaintiff's claim; and

g.    For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
Steven E. Petrou, Attorney at Law

By: //S//  Steven E. Petrou
      Steven E. Petrou
      11107 McCracken Cir., Suite A
      Houston, TX   77429
      Phone (281) 970-8555
      Fax:  (281) 970-8559
      Federal Id. # 15337

                                            State Bar # 00784751  
                                            **Attorney-in-Charge for Plaintiff**