IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA MILES-HICKMAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-0754 | |
| § | | |
| DAVID POWERS HOMES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Pamela Miles-Hickman's ("Hickman") Motion for Corrected Judgment [Doc. # 163]. Hickman moves to amend the final judgment under Rule 59(e) to award prejudgment and postjudgment interest. Defendant David Powers Homes ("DPH") has responded [Doc. # 164]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Hickman's Motion should be **granted**.

Final Judgment was entered in favor of Hickman against DPH on April 14, 2009, on Hickman's claim for retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Three days later, on April 17, 2009,

Hickman filed the pending motion. This is within the ten day period provided by Rule 59(e).[1]

Hickman requests that the Court amend the Final Judgment to award prejudgment interest. Prejudgment interest is available on back pay awards; however, this award rests with the discretion of the Court. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (citing *Sellers v. Delgado Cmty. College*, 839 F.2d 1132, 1140 (5th Cir. 1988)). The purpose of awarding prejudgment interest is to make a plaintiff whole by helping to restore her to the position she would have been in had the discrimination or retaliation not occurred. *Id.* By Opinion on March 24, 2009, the Court found that DPH retaliated against Hickman for exercising a right protected under the ADA and awarded Hickman back pay of $23,755.30.

The Court has reconsidered its decision denying a prejudgment interest award. The Fifth Circuit has stated that interest is an item that should be included in back pay. *Sellers*, 839 F.2d at 1140 (citing *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974)). Therefore, the Court will award Hickman prejudgment interest in this case. An award of prejudgment interest will make Hickman whole as if the ADA retaliation had not occurred.

---

[1] DPH's Response inexplicably asserts that "Plaintiff failed to timely file a challenge under Fed. R. Civ. P. 59(e), to alter or amend the judgment within 10 days." DPH's Response [Doc. # 164], at 2.

Hickman requests prejudgment interest at a rate of 5% based on the prejudgment interest rate of the State of Texas or alternatively at a rate of 4.34% based on the applicable federal postjudgment rate. Setting the rate of interest on a judgment is within the broad discretion of the district court. *See United States v. Central Gulf Lines, Inc.*, 974 F.2d 621, 630 (5th Cir. 1992). Hickman has not offered a reason why the 5% rate based on the prejudgment interest rate of the State of Texas should be applied, particularly when she prevailed on a claim under federal law in federal court. Rather, the Court concludes that the federal post-judgment rate established pursuant to 28 U.S.C. § 1961 adequately compensates Hickman for the loss she has suffered. The Court awards prejudgment interest at a simple interest rate of 4.34% from December 16, 2005, until April 14, 2009, the date of entry of judgment in this case. From December 16, 2005, until April 14, 2009, is 1216 days. Based on the back pay award of $23,755.30, the amount of prejudgment interest accrued to date is $3,434.72, making the Court's total award of damages in favor of Hickman and against DPH $27,190.02.

Hickman also requests that the Court amend the Final Judgment to award postjudgment interest. The purpose of postjudgment interest is to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser*

*Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 836 (5th Cir. 1990); *see also Krieser v. Hobbs*, 166 F.3d 736, 747 (5th Cir. 1999).  The Court concludes that an award of postjudgment interest is appropriate.  Accordingly, postjudgment interest on the entire judgment, including attorney's fees and costs, will be awarded at a rate of 0.60% per annum, the applicable federal rate as of the date of entry of the original judgment.

Based on the foregoing, it is hereby

**ORDERED** that Hickman's Motion for Corrected Judgment [Doc. # 163] is **GRANTED**.

The Court will issue a separate Amended Final Judgment.

SIGNED at Houston, Texas, this **24th** day of **June, 2009**.

_____
Nancy F. Atlas
United States District Judge